DANIEL MILLER, plaintiff in error, *vs.* PETER L. ALBRITTON, defendant in error.

Where a judgment was had in the Superior Court in September, 1868, on a promissory note purporting to be "for value received," and an illegality was filed in 1870, setting up that the consideration of the note was the hire of slaves:

*Held*, That this ought to have been pleaded on the trial, and the illegality was properly overruled.

Illegality. Slave debt. *Laches.* Before Judge CLARK. Webster Superior Court. March Term, 1871.

In December, 1867, Albritton sued Miller upon his note given in August, 1866, and due 1st January, 1867. Miller, though personally served, made no defense. The appearance term of the Court lasted but one day. In September, 1868, judgment was entered against Miller on said note, *fi. fa.* was issued in October, 1868, and levied in January, 1870. Miller made affidavit that said note was given solely for the hire of slaves and that therefore the *fi. fa.* was proceeding illegally. When the illegality was tried, in March, 1871, all the foregoing and that the note was for the hire of slaves only were shown, and the Court dismissed the illegality. That is assigned as error.

J. L. WIMBERLY; S. H. HAWKINS, for plaintiff in error, said judgment was a nullity: R. Code, secs. 3536, 3776; 25 Ga. R., 93; 39th, 285.

C. B. WOOTEN, for defendant.

McCAY, Judge.

The judgment in this case was obtained in September, 1868. At that time the Constitution of 1868 was of force, and the defendant ought to have set up the defense then. That this is the general rule is unquestionable. The judgment of a Court of competent jurisdiction is conclusive as to all matters pleadable on the trial.

But it is said that this rule does not apply if the Court have no jurisdiction. We recognize this also to be a settled rule. But it will be found that when the question arises in a case where the objection is want of jurisdiction on the subject matter, if the case be one that, upon the face of the papers is within the jurisdiction, the general rule applies. If the want of jurisdiction does˙ not appear on the face of the papers, but depends upon some fact within the knowledge of the

Morgan *vs.* West *et al.*

defendant, which must be proven in order to rebut the facts stated in the pleadings, and supposed to be proven on the trial, the general rule applies. The facts stated in the declaration present a case over which the Superior Court had jurisdiction. The presumption, and the conclusive presumption is, that on the trial the plaintiff proved his case as stated: Brittain *vs.* Kennard, 1 Brod. & Bing., 432.

This doctrine is based upon public policy. There must be an end of litigation. The public cannot consent, after a party has had his full day in Court, to permit him to again take up the time of its tribunals, in rehearing matters which an opportunity has already been offered to present. Some accident, mistake, or fraud must be shown; something that will show that there has been a failure to get at the truth, without any mixure of fault or negligence on the part of the complaining party. Unless this be made to appear, the conclusive presumption is, that this very matter was determined at the trial in September, 1868.

Judgment affirmed.